IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH L. GOFF, a.k.a. | § | |
| TRAVIS THORTON, | § | |
| TDCJ-CID NO. 1575988, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2487 |
| | § | |
| SHERIFF GARCIA, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Kenneth L. Goff, also known as Travis Edward Thornton (Docket
Entry No. 1 at 4), is an inmate of the Texas Department of Criminal
Justice, Correctional Institutions Division. Goff filed a prisoner
civil rights complaint under 42 U.S.C. § 1983 alleging that Harris
County Jail officials used excessive force against him while he was
jailed there. Defendants, Sheriff Adrian Garcia, Detention Officer
William Konick, and Detention Officer Carlos Gonzalez have filed a
Motion for Summary Judgment (Docket Entry No, 19) seeking dismissal
of the complaint. After reviewing the pleadings and evidence, the
court has determined that the motion should be granted and that
this action should be dismissed.

## I. Claims and Allegations

Goff claims that two jail officers, Gonzalez and Koenick [sic]
assaulted him on March 19, 2009. (Docket Entry No. 1 at 4, 6). He
alleges that he was in the jail infirmary when the two defendants

ordered him to pack his belongings so they could move him to a cellblock upstairs. Goff asserts that he had just returned from the hospital with a diagnosis of multiple infirmities. (Docket Entry No. 1 at 4). He also claims that he was using a walker. Because of his difficulties, Goff questioned the move and told the defendants that there must have been a mistake. Despite Goff's objection, the officers told him to hurry, and Goff packed his belongings. Id.

Goff managed to walk upstairs to the cellblock with the assistance of two inmates. Id. at 6. However, the defendants told him to go back because there had been a mistake. Goff then began experiencing difficulty breathing and had an asthma attack. He told the officers that he would not come down until he caught his breath. The defendants then allegedly ran up the stairs and dragged Goff back down by his shirt causing him to hit the steps along the way. They then took him to an empty cell and, after donning black gloves, beat him until Goff complained about the pain and his breathing problems. Goff alleges that he was then taken to the infirmary where he was x-rayed. The x-rays revealed that he had three broken ribs. Goff also suffered a black eye. Id.

Goff wants the officers fired for their alleged assault against him. He also seeks $ 75,000.00 in damages for his pain and suffering.

-2-

## II. **Defendants' Arguments and Evidence**

In their Motion for Summary Judgment (Docket Entry No. 19), the defendants deny Goff's allegations including his claim that he had been assaulted.  They also deny that they used any force against Goff that injured him although he did engage in disruptive behavior that required some action.  The defendants have attached the following exhibits, along with a business record affidavit (Docket Entry No. 19-2), in support of their motion:

  Docket Entry No. 19-3: Affidavit of Officer Carlos Gonzalez with Sign In/Out Log and Pass-On Report;

  Docket Entry No. 19-4: Inmate Offense Report 2009-7255 1200 (Exhibit A);

  Docket Entry No. 19-5: Handwritten Grievance, dated April 17, 2009, Signed by Kenny Goff (Exhibit B);

  Docket Entry No. 19-6: Grievance Resolution Form regarding Grievance 7176 signed by Travis Thornton (Exhibit C);

  Docket Entry No. 19-7: Officer Duty Assignment Log for March 17, 2009, (Exhibit D);

  Docket Entry No. 19-8: Pass-On Log (reporting status of doors, locks, toilets, etc.) Signed by C. Gonzalez, March 17, 2009, (Exhibit E);

  Docket Entry No. 20-1 (Sealed): Progress Note dated March 17, 2009, - Medical Records  for Travis Thornton Exhibit F (Exhibit F);

  Docket Entry No. 20-2 (Sealed): Mental Health Unit Note for Travis Thornton dated March 18-19, 2009, (Exhibit G);

  Docket Entry No. 20-3 (Sealed): Medical Consultation Request for Travis Thornton dated March 19, 2009, (Exhibit H).

The defendants deny that there was an incident involving use of force on the date alleged, March 19, 2009.  They assert that correctional officer Angelo Moses reported an incident involving Travis Thornton a.k.a. Kenneth Goff that occurred on March 17, 2009. (See Docket Entry No. 19-4).  They contend that the incident did not involve staff abuse or any use of force by jail personnel. They also assert Gonzalez could not have been involved because he was assigned to the Floor Control Center on that day and that he could not leave his post unless relieved.  (Docket Entry No. 19-3 at 5).  Goff admitted on March 17 that he had been banging his head against a door because he was hearing voices.  (Docket Entry No. 20-1).  Moreover, Goff reported that his rib injury occurred from a fall down two flights of stairs at LBJ Hospital, not at the jail. (Docket Entry No. 20-2).

In the Inmate Offense Report 2009-7255 1200, Officer Moses indicates that other inmates in Goff's pod complained about his hostile and aggressive behavior on March 17, 2009.  (Docket Entry No. 19-4).  Moses called Goff out of the pod to inquire about the problem.  Goff declared that he had just returned from LBJ Hospital because "he had cut out [sic] his pace maker out of his chest." Id.  Moses returned Goff to the pod but placed him under observation.  About an hour later, Moses saw Goff standing on his head at the top of a staircase.  In response, Moses called for assistance and immediately ran inside to get Goff down.  Goff was

-4-

then handcuffed and moved to a holding cell because he was aggressive and hostile.

After being placed in the holding cell, Goff banged his head against the walls of the cell. A call was then made to the Mental Health Unit for an evaluation of Goff by a psychiatrist. (Docket Entry No. 19-4). The Mental Health Unit Note, dated March 18, 2009, reveals that suicide precautions were taken in response to Goff's activity. (Docket Entry No. 20-2). Although Goff denied hallucinations or delusions or suicidal thoughts, he did admit a history of seizures including a recent one in which he had broken his ribs. The Note also indicates that Goff had a pace maker due to an irregular heartbeat. The entry for the following day reflects that Goff was staggering and had to be prevented from falling by a psychiatric technician who grabbed and held him. Id.

The defendants have submitted a copy of Goff's handwritten grievance, dated April 17, 2009, in which he accused Konick and Gonzalez of using excessive force against him. (Docket Entry No. 19-5). Defendants have also presented a copy of the Grievance Resolution Form that describes the investigation that was made in response to the grievance. (Docket Entry No. 19-6). Goff signed the findings, which implicated him as the instigator. Id.

The grievance (# 7176) was given to Sergeant A. Schattel who discussed the matter with Goff on June 15, 2009.[1]  During the interview, Goff admitted to Sgt. Schattel that he was angry about being transferred from the medical cell block to general population.  (Docket Entry No. 19-6).  Goff also admitted that he was screaming profanities and threatening the officers.  He reported that he was handcuffed and put in a holding cell.  Goff admitted that he was responsible for what occurred and that the officers were only responding to his disruptive behavior.  Id. Consequently, it was concluded that the grievance was unfounded, and Goff concurred with the results as indicated by his signature. Id.

### III. <u>Summary Judgment Standard</u>

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the Court must determine whether the pleadings and records indicate if there is a genuine

---

[1] The Grievance Resolution Form indicates that the incident occurred on March 3, 2009.  However, the report is consistent with facts of this case in that it concerns a confrontation between Goff and two guards over his housing after Goff had returned from the hospital.  (<u>See</u> Docket Entry No. 19-6).

-6-

issue regarding any material fact and whether the moving party is entitled to judgment as a matter of law.   FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue.   Kee v. City of Rowlett, Tex., 247 F.3d 206, 210 (5th Cir. 2001).   To meet this burden, the movant must present evidence that shows that the non-movant cannot carry its burden of proof at trial.   Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998).   The movant may accomplish this by showing that the non-moving party has presented no evidence in support of his claim.   Stahl v. Novartis Pharmaceuticals Corp., 283 F.3d 254, 263 (5th Cir. 2002).   Once the movant has met this burden, the burden shifts to the non-movant to present specific facts showing that there is a genuine issue for trial; if the non-movant fails to make any showing, summary judgment will be entered in favor of the movant.   Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003).

The court construes the evidence in favor of the non-moving party and does not weigh the evidence, assess its probative value, or resolve any factual disputes.   Williams v. Time Warner Operation, Inc., 98 F.3d 179, 181 (5th Cir. 1996).   However, Goff, the non-movant in this action, has not presented any evidence, nor has he filed a response.   Factual controversies will be decided in

-7-

the non-movant's favor only when both sides have presented evidence showing that there is an actual controversy. Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 518 (5th Cir. 1998), citing Little, 37 F.3d. at 1075. In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. Id.

### IV. Analysis

The defendants contend that Goff is not entitled to relief because they did injure him in the course of applying force against him. They further contend that Goff's erratic behavior would have justified some use of force in order to maintain order and protect the jail's inhabitants.

The pleadings and the evidence submitted do not establish whether Goff was a convicted felon at the time of the incident in question. The TDCJ-CID website indicates that Goff was convicted in state district court of aggravated assault of a family member on May 21, 2009, approximately two months after the incident. http://168.51.178.33/webapp/TDCJ. The website also shows that Goff had been previously twice convicted of Unauthorized Use of a Motor Vehicle (UUMV) in 1992 and in 2000. Id. It does not indicate whether or when Goff completed the relatively short sentences that were imposed eight and two years earlier. Whether Goff was a pretrial detainee or incarcerated felon at the time in question is important in determining which constitutional rights should be

-8-

considered.

Incarcerated felons have a right under the Eighth Amendment not to be subjected to wanton abuse by custodial officials.   See Whitley v. Albers, 106 S.Ct. 1078, 1083 (1986).   Whenever prison officials are accused of using excessive force in violation of the Eighth Amendment, the core question is "whether [the] force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."   Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010), citing Hudson v. McMillian, 112 S.Ct. 995 (1992).

Jail detainees who have not yet been convicted cannot assert rights under the Eighth Amendment.   Baker v. Putnal, 75 F.3d 190, 198 (5th Cir. 1996), citing Ingraham v. Wright, 97 S.Ct. 1401, 1408-09 (1977); Thibodeaux v. Bordelon, 740 F.2d 329, 334 (5th Cir. 1984).   Instead, their rights are those available under the Due Process Clause of the Fourteenth Amendment.   Brothers v. Klevenhagen, 28 F.3d 452, 455-56 (5th Cir. 1994); Valencia v. Wiggins, 981 F.2d 1440, 1449 (5th Cir. 1993).

The record does not establish whether Goff had completed his earlier UUMV sentences or if he was still on parole when the incident occurred.   If he was on parole, this action would be reviewed under the Eighth Amendment; if he was not on parole, the Fourteenth Amendment would be applicable.   Rankin v. Klevenhagen, 5 F.3d 103, 105 -106 (5th Cir. 1993).   Regardless of whether Goff's

-9-

rights are based on the Eighth or Fourteenth Amendments, the question is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Valencia, at 1446, quoting Hudson, 112 S.Ct. at 998.

Among the factors to be considered in determining whether the force was used in good faith or wantonly and maliciously are:

1.  the extent of the injury suffered;

2.  the need for the application of force;

3.  the relationship between the need and the amount of force used;

4.  the threat reasonably perceived by the responsible officials; and

5.  any efforts made to temper the severity of a forceful response.

Baldwin v. Stalder, 137 F.3d 836, 838-39 (5th Cir. 1998).

The defendants have shown that Goff was engaging in disruptive behavior that was hostile, aggressive, and possibly psychotic. Perhaps Goff's most bizarre and risky act was his headstand at the top of a stairway. Guards at the jail had the authority as well as the duty to use force to prevent Goff from harming himself or others who were incarcerated with him. See Baldwin, 137 F.3d at 840. Despite Goff's agitated state, there is no evidence that any official, including the defendants, used any force to subdue him other than placing him in handcuffs and moving him to a holding cell.

-10-

While Goff may have suffered some injuries during or near the period in question, they were either self inflicted or occurred outside of the jail.  Goff injured his head when he banged it against the walls of his holding cell.  He broke his ribs when he suffered a seizure at LBJ Hospital.  Although lack of an injury does not always defeat an excessive force claim, it is relevant in determining whether a violation occurred.  Wilkins, 130 S.Ct. at 1177-78, citing Hudson v McMillian, 112 S.Ct. at 997.  The broken ribs and self-inflicted head injuries were not the work of the defendants.  Any discomfort Goff may have experienced from being handcuffed and moved to a holding cell would have been insignificant in light of the situation and would not support a claim for a violation of his constitutional rights.  See Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999).

Finally, the record establishes that although Goff filed a grievance alleging that he had been assaulted, he later admitted that the grievance was unfounded.  (Docket Entry No. 19-6).  Moreover, Gonzalez was not in the area when the alleged incident occurred and Goff later admitted that Gonzalez was not involved.  (Docket Entry No. 19-3 at 5).  The record so clearly upholds the defendants version of events that no reasonable jury could believe Goff's allegations.  Defendants are therefore entitled to a summary judgment in their favor.  See Scott v. Harris, 127 S.Ct. 1769, 1776 (2007).

-11-

Sheriff Garcia has also been named as a defendant in this suit and has joined in the Motion for Summary Judgment.  The record is clear that the Sheriff had no personal involvement in the incident and that his only connection is his position as supervisor over the defendants who were working in the jail.  This is an insufficient basis to establish Sheriff's Garcia's liability in his individual capacity.  <u>Rios v. City of Del Rio</u>, 444 F.3d 417, 425 (5th Cir. 2006).  Moreover, Sheriff Garcia and the other defendants cannot be held liable in their official capacities because there is no showing that Goff was harmed due to a policy or custom of Harris County.  <u>Leffall v. Dallas Independent School District</u>, 28 F.3d 521, 525 (5th Cir. 1994).

Therefore, the defendants' Motion for Summary Judgment (Docket Entry No. 19) will be granted and this action will be dismissed under FED. R. CIV. P. 56.

### V. <u>Conclusion</u>

The court **ORDERS** the following:

1.   The defendant's Motion for Summary Judgment (Docket Entry No. 19) is **GRANTED.**

2.   The Civil Rights Complaint (Docket Entry No. 1) filed by a TDCJ-CID prisoner is **DISMISSED** with prejudice. FED. R. CIV. P. 56(c).

**SIGNED** at Houston, Texas, on this 12th day of May, 2011.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-12-